IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATOYA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 3522 |
| ) | |
| CONNECTICUT GENERAL LIFE INSURANCE ) | Judge Hibbler |
| COMPANY, a Connecticut corporation, ) | Magistrate Judge Schenkier |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES, Connecticut General Life Insurance Company ("CGLIC"), by its attorneys Daniel K. Ryan and Clay M. Ullrick of Hinshaw & Culbertson LLP, and for its answer and affirmative defenses to Plaintiff's Complaint states as follows:

1. Latoya White is the daughter and natural child of Laurie A. Lee, deceased. Latoya White at all times relevant hereto was a resident of Aurora, Illinois, having a home address of 2046 Foxpoint Drive, Apartment 205

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 1 and therefore, denies those allegations.

2. That at all times relevant hereto, Laurie A. Lee was a resident of the County of Kane, residing at 601 Bangs Street, Aurora, Illinois 60505.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 1 and therefore, denies those allegations.

3. CIGNA does business in Kane County, Illinois, and is licensed through the Illinois Department of Insurance to offer group universal insurance products.

**ANSWER:** The allegations of this paragraph are not directed to Defendant CGLIC and therefore, Defendant denies those allegations.

4. That Laurie A. Lee died on September 28, 2007 from self-inflicted gunshot wound to the head. Attached as Exhibit A is a copy of the death certificate of Laurie A. Lee issued November 9, 2007.

**ANSWER:** Defendant admits the allegations of paragraph 4.

5. That at the time of her death, Laurie A. Lee was employed by Kraft Foods as an assembly line worker and participated in the universal life insurance program offered through CIGNA group universal life insurance under policy no. 0596726 (the "Policy"), a copy of which Policy is attached hereto as Exhibit B.

**ANSWER:** Defendant admits that at the time of her death, Laurie A. Lee participated in the Connecticut General Life Insurance Company Group Flexible Premium Adjustable Life Insurance Policy No. 0596726. Defendant is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 5 and therefore, denies those allegations.

6. That the Policy was in effect at the time of Laurie A. Lee's death.

**ANSWER:** Defendant admits that the Connecticut General Life Insurance Company Group Flexible Premium Adjustable Life Insurance Policy No. 0596726 was in effect at the time of Laurie A. Lee's death.

7. That at the time of Laurie A. Lee's death, the Policy was administered as a group universal life program by Marsh at Worksolutions, a service of Seebury and Smith, 1776 West Lakes Parkway, Des Moines, Iowa 50398 ("Marsh").

**ANSWER:** Defendant admits the allegations of paragraph 7.

8. That on or about September 1, 2003, Laurie A. Lee increased the coverage amount under the Policy to provide a death benefit of $130,000.00.

**ANSWER:** Defendant admits that in August of 2003 Laurie A. Lee was approved for an increase in her life insurance coverage amount of $130,000.00. Defendant denies the remaining allegations of paragraph 8.

9. Thereafter, on at least one occasion, upon information and belief, Laurie A. Lee increased the death benefit under the Policy to $180,000.00.

**ANSWER:** Defendant admits that as a result of the automatic increase option within the Group Flexible Premium Adjustable Life Insurance Policy No. 0596726, effective January 1, 2006, Laurie A. Lee's life insurance coverage amount increased to $180,000.00.

10. That a provision existed under the Policy that the increased life insurance coverage above $130,000.00 would not be applicable to death by suicide until a certain time period passed after the increase was elected.

**ANSWER:** Defendant admits that the Group Flexible Premium Adjustable Life Insurance Policy No. 0596726 contained an exclusion for a death resulting from suicide. The terms of the exclusion provision are set forth in the policy and speak for themselves. To the extent the allegations of paragraph 10 differ from the terms of the policy, Defendant denies those allegations.

11. Despite repeated attempts to obtain information from Defendant, CIGNA regarding the Policy and the designated beneficiaries under the Policy, Plaintiff, Latoya White, has been unable to obtain sufficient information to determine the dates or applicable restrictions relative to increased death benefit coverages elected by Laurie A. Lee prior to her death.

**ANSWER:** The allegations of this paragraph are not directed to Defendant CGLIC and therefore, Defendant denies those allegations.

12. That despite repeated attempts to obtain information regarding the beneficiary designation under the Policy, the Plaintiff, Latoya White, has been unable to obtain signed, written confirmation of the death benefit beneficiary; however, upon information and belief, as confirmed by a certain email dated Wednesday, March 5, 2008 and sent by Michelle Tigner, a printed copy of which is attached hereto as Exhibit C. Laurie A. Lee named herself as primary beneficiary under the policy.

**ANSWER:** Defendant admits that Laurie A. Lee named herself as primary beneficiary under the policy. Defendant denies the remaining allegations of paragraph 12.

13. CIGNA determined, without explanation to Latoya White, that a beneficiary designated by Laurie A. Lee in which she designated herself as a primary beneficiary of the Policy death benefits entitled CIGNA, to cause the death benefits under the Policy paid to be paid to the estate of Laurie A. Lee, rather than the contingent beneficiary designated on the beneficiary designation in CIGNA's files.

**ANSWER:** The allegations of this paragraph are not directed to Defendant CGLIC and therefore, Defendant denies those allegations.

14. Latoya White was advised by Marsh that a beneficiary designation on file in its records designated Laurie A. Lee as the primary beneficiary and Latoya White as the contingent beneficiary under the Policy.

**ANSWER:** Defendant lacks sufficient knowledge to either admit or deny the allegations of paragraph 14 and therefore, denies those allegations.

15. That CIGNA, notwithstanding the efforts to determine the proper payee of the death benefits and other amounts related to the Policy, issued the following checks payable to the Estate of Laurie A. Lee, deceased:

a. Check no. ZZ51610237 in the amount of $130,000.00;

b. Check no. ZZ51610238 in the amount of $544.11; and

c. Check no. ZZ51610239 in the amount of $26.83.

**ANSWER:** The allegations of this paragraph are not directed to Defendant CGLIC and therefore, Defendant denies those allegations.

16. In the event the primary beneficiary was designated under the Policy as Laurie A. Lee and the contingent beneficiary was designated as Latoya White, then upon the death of Laurie A. Lee, the death benefits and other amounts payable under the Policy should be paid to the contingent beneficiary, Latoya White, rather than to the Estate of Laurie A. Lee, deceased.

**ANSWER:** The allegations of paragraph 16 state a legal conclusion, to which no answer is required. In the event the allegations of paragraph 16 may be interpreted as statements of fact, Defendant denies those allegations.

17.     That the designation of an insured as the beneficiary of a life insurance Policy is not an effective designation, because the insured cannot survive her own death. Accordingly, in such an instance where the insured designates the insured as the primary beneficiary and another person as the contingent beneficiary, the contingent beneficiary should be the taker of the death benefits.

**ANSWER:**     The allegations of paragraph 17 state a legal conclusion, to which no answer is required. In the event the allegations of paragraph 17 may be interpreted as statements of fact, Defendant denies those allegations.

## AFFIRMATIVE DEFENSES

1.      To the extent plaintiff is asserting any non-ERISA or common law claims, such claims are pre-empted and barred by the Employees Security Income Retirement Act of 1974, as amended (ERISA)(29 U.S.C., Sect. 1001, et. seq.).

2.      Plaintiff has failed to exhaust all administrative remedies.

3.      The claims are barred by the terms and conditions of the subject employee welfare benefits plan.

        Respectfully submitted,
        CONNECTICUT GENERAL LIFE
        INSURANCE COMPANY

        By: /s/ Daniel K. Ryan
            One of Its Attorneys

Daniel K. Ryan
Clay M. Ullrick
HINSHAW & CULBERTSON LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601
(312) 704-3000

6327234v1 889292

**CERTIFICATE OF SERVICE**

    I, the undersigned attorney, certify that on July 16, 2008, I served this **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** by filing it with the Court's CM/ECF system, which will make copies of the document available to all counsel of record on July 16, 2008:

    By: /s/Daniel K. Ryan

6327234v1 889292