IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATOYA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 3522 |
| ) | |
| CONNECTICUT GENERAL LIFE INSURANCE ) | Judge Hibbler |
| COMPANY, a Connecticut corporation, ) | Magistrate Judge Schenkier |
| ) | |
| Defendant. ) | |

**MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

NOW COMES, Connecticut General Life Insurance Company ("CGLIC"), by its attorneys Daniel K. Ryan and Clay M. Ullrick of Hinshaw & Culbertson LLP, and for its Motion for Leave to File Third-Party Complaint, states as follows:

1. On July 16, 2008, Defendant CGLIC filed its Answer to the Complaint filed by Plaintiff Latoya White.

2. On July 25, 2008, within ten (10) days of filing its Answer to the Complaint, Defendant attempted to electronically file a Third-Party Complaint in this action against the individual holding the funds at issue in this case, a copy of which is attached hereto as Exhibit A.

3. Although a receipt was received confirming that the Third-Party Complaint was successfully filed, the Third-Party Complaint was never reflected on the docket report in this case. Nevertheless, the docket report displayed the identity of the Third-Party Defendant named in the Third-Party Complaint.

4. On July 28 and 29, 2008, counsel for the Defendant communicated with the Court's electronic docketing department regarding the filing of the Third-Party Complaint and its failure to appear on the docket. Despite the best efforts of the Court's docketing department,

6346718v1 889292

they were unable to locate the Third-Party Complaint and/or determine what had transpired with the filing of the Third-Party Complaint.

5.  Based on the foregoing, Defendant respectfully requests leave to file the attached Third-Party Complaint.

WHEREFORE, Defendant Connecticut General Life Insurance Company, respectfully prays this Honorable Court enter an order grating Defendant leave to file a Third-Party Complaint in this case, and for such other relief as the Court deems just and proper.

Respectfully submitted,
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY

By: /s/ Clay M. Ullrick
      One of Its Attorneys

Daniel K. Ryan
Clay M. Ullrick
HINSHAW & CULBERTSON LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601
(312) 704-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATOYA WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a Connecticut corporation,<br><br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>TRENNISS LEE, individually and in his capacity of Executor of the Estate of Laurie A. Lee,<br><br>    Third-Party Defendant. | Case No. 08 C 3522<br><br>Judge Hibbler<br>Magistrate Judge Schenkier |

## THIRD-PARTY COMPLAINT

NOW COMES, Connecticut General Life Insurance Company ("CGLIC"), by its attorneys Daniel K. Ryan and Clay M. Ullrick of Hinshaw & Culbertson LLP, and for its Third-Party Complaint states as follows:

1. Third-Party Plaintiff CGLIC is a Connecticut corporation. CGLIC's principal place of business is also located in Connecticut.

2. Third-Party Defendant Trenniss Lee is a resident of Aurora, Illinois. Trenniss Lee was the spouse of the deceased, Laurie A. Lee, at the time of her death.

3. Upon information and belief, Trenniss Lee is the executor of the Estate of Laurie A. Lee.

4. Upon information and belief, Trenniss Lee has not submitted Laurie A. Lee's estate to probate.



EXHIBIT "A"

6336878v1 889292

5. At the time of her death, the decedent, Laurie A. Lee, participated in a universal life insurance program sponsored by Kraft Foods. The subject group universal life insurance policy was insured by Third-Party Plaintiff CGLIC.

6. In or about November 2007, Trenniss Lee filed a claim for life insurance proceeds under the subject group universal life insurance policy.

7. On or about January 17, 2008, CGLIC made a determination regarding the application for benefits filed by Trenniss Lee. At that time, CGLIC determined that benefits were payable to the Estate of Laurie A. Lee pursuant to the designation of beneficiaries executed by Laurie A. Lee prior to her death.

8. On or about January 17, 2008, CGLIC issued payment for the life insurance proceeds in the amount of $130,570.94 to the Estate of Laurie A. Lee.

9. On or about January 17, 2008, the checks representing payment for said life insurance proceeds were mailed to Trenniss A. Lee in his capacity as Executor of the Estate of Laurie A. Lee.

10. Subsequently, the Plaintiff Latoya White, filed the instant action challenging CGLIC's determination of benefits under the subject life insurance group universal life insurance policy.

11. Specifically, Plaintiff Latoya White contends that in the event the primary beneficiary was designated under the Policy as Laurie A. Lee and the contingent beneficiary was designated as Latoya White, then upon the death of Laurie A. Lee, the death benefits and other amounts payable under the Policy should be paid to the contingent beneficiary, Latoya White, rather than to the Estate of Laurie A. Lee, deceased. Complaint at ¶16.

12. CGLIC has filed an answer denying the material allegations of Plaintiff Latoya White's claim.

## Count I
## Declaratory Judgment

13. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 12 of this Complaint as though set forth in full as Paragraph 13 of Count I.

14. Although CGLIC has denied the material allegations of Plaintiff's claim, in the event the Court enters judgment in favor of the Plaintiff and against CGLIC, then the Estate of Laurie A. Lee is the improper beneficiary of the life insurance benefit proceeds currently being held by Third-Party Defendant Trenniss Lee.

15. In the event the Court enters judgment in favor of the Plaintiff and against CGLIC with regard to Plaintiff's claims in the underlying action, CGLIC is entitled to a declaratory judgment in the amount of $130,570.94 against Third-Party Defendant Trenniss Lee and a return of said proceeds being held by Third-Party Defendant Trenniss Lee on behalf of the Estate of Laurie A. Lee.

## Count II
## Unjust Enrichment

16. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 15 of this Complaint as though set forth in full as Paragraph 16 of Count II.

17. In the event the Court enters judgment in favor of the Plaintiff and against CGLIC based upon Plaintiff's claims, Third-Party Defendant Trenniss Lee's retention of the $130,570.94 in life insurance proceeds is improper and unjust.

18. In the event the Court enters judgment in favor of the Plaintiff and against CGLIC based upon Plaintiff's claims, Third-Party Defendant Trenniss Lee's retention of the $130,570.94

6336878v1 889292

in life insurance proceeds is detrimental to the rights and interests of the Third-Party Plaintiff CGLIC and violates the fundamental principles of justice, equity and good conscience.

WHEREFORE, Connecticut General Life Insurance Company, respectfully prays this Honorable Court enter an order granting judgment in its favor against the Third-Party Defendant Trenniss Lee in the amount of $130,570.94 and for such further relief as the Court deems just and proper.

                      Respectfully submitted,
                      CONNECTICUT GENERAL LIFE
                      INSURANCE COMPANY


                      By: /s/ Clay M. Ullrick
                           One of Its Attorneys

Daniel K. Ryan
Clay M. Ullrick
HINSHAW & CULBERTSON LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601
(312) 704-3000

6336878v1 889292